IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX MELVIN WADE, JR., § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION H-11-3514 |
| § | |
| RICK THALER, § | |
| § | |
| *Respondent.* § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his state conviction. Respondent filed a motion to dismiss the petition as successive (Docket Entry No. 15), to which petitioner filed a response (Docket Entries No. 16, 17).[1] Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court DENIES the motion to dismiss and ORDERS as follows.

### *Procedural Background and Claims*

The jury found petitioner guilty of attempted theft in an amount between $100,000.00 and $200,000.00 in case number 1222385 in Harris County, Texas. The trial court sentenced him to forty-five years incarceration, as enhanced with two forgery convictions. Petitioner's *pro se* direct appeal was dismissed as untimely. *Wade v. State*, No. 01-10-00463-CR (Tex. App.– Houston [1st Dist.] 2010, no. pet.). Petitioner's first application for state habeas relief

---

[1] Petitioner's ensuing second, third, and fourth responses were stricken from the record, as they were filed without leave of court.

was dismissed because mandate had not yet issued in his direct appeal. Petitioner's second state habeas challenge to the conviction, filed on June 27, 2011, was denied by the Texas Court of Criminal Appeals on September 7, 2011. *Ex parte Wade*, WR 65,555-07.

Petitioner's first federal habeas petition arising from state court events was filed on December 17, 2010. *Wade v. Thaler*, C.A. No. H-10-5100 (S.D. Tex. 2010). As his sole habeas issue, petitioner complained that the state courts had improperly dismissed his first state habeas application on incorrect procedural grounds. The Court noted that petitioner's sole habeas ground was unexhausted, but ultimately dismissed the case with prejudice on June 6, 2011, because petitioner's habeas ground failed to state a cognizable federal habeas claim. Petitioner did not appeal the dismissal.

Petitioner filed the instant federal habeas petition challenging the attempted theft conviction on September 23, 2011, raising the following federal habeas claims:

1. The indictment stated that Western World Insurance was the complainant, but the evidence at trial did not support this allegation.

2. The use of an enhancement conviction that was over ten years old denied him due process.

3. Trial counsel was ineffective in not raising the above objections.

(Docket Entry No. 1, pp. 7–8.)[2]

---

[2]Petitioner's additional claim challenging the state court's dismissal of his first state habeas application was denied in a separate order for failure to state a cognizable habeas claim. (Docket Entry No. 5.) The claim is also barred because it was raised and rejected in petitioner's first federal habeas petition. 28 U.S.C. § 2244(b)(1).

Respondent argues that petitioner's claims should be dismissed because this petition constitutes an unauthorized successive federal habeas petition following *Wade v. Thaler*, C.A. No. H-10-5100 (S.D. Tex. 2010). Petitioner argues in his response that, because his first federal habeas petition was dismissed without prejudice, the instant petition is not successive. (Docket Entry No. 17.) However, as already noted, petitioner's first federal habeas petition was dismissed *with* prejudice for failing to state a cognizable habeas claim.

### *Analysis*

Although petitioner incorrectly argues that his first federal habeas petition was dismissed without prejudice, justice dictates that this Court look beyond his errant *pro se* argument to determine whether this petition is successive.

In his first federal habeas petition, petitioner complained of the state courts' dismissal of his first state habeas application. He specifically challenged not his underlying conviction or sentence, but the procedural dismissal of the application. In doing so, petitioner proceeded in error, as his complaint constituted neither a cognizable federal habeas claim or grounds for section 1983 relief.

Nonetheless, respondent contends that petitioner's improper use of section 2554 to challenge the procedural dismissal of his state habeas application now acts to bar petitioner's challenges here to his underlying conviction, absent authorization from the Fifth Circuit Court of Appeals pursuant to section 2244(b)(3)(A). Thus, before the Court can reach the merits of petitioner's federal habeas claims, it must determine whether this petition

3

constitutes a successive petition as that term is meant under section 2244(b). If successive, this petition must be dismissed for lack of jurisdiction, as it is undisputed that petitioner did not request and obtain authorization from the Fifth Circuit to pursue this petition.

Petitioner's habeas petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. AEDPA provides for the dismissal of a successive habeas petition that raises new claims, as follows:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). The statute does not define "second or successive," and the Fifth Circuit recognizes that a petition is not "second or successive" merely because it is numerically second. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). In *Cain*, the Court defined a "second or successive" petition as one that (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition;

4

or (2) otherwise constitutes an abuse of the writ. 137 F.3d at 235. Later-filed habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under section 2244(b). *Leal v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009). In contrast, later habeas petitions attacking distinct judgments have been held as non-successive. *Id*.

Petitioner's first federal habeas petition attacked the state courts' procedural dismissal of his state habeas application; the instant petition attacks the underlying conviction itself. Accordingly, the two petitions challenged different judgments or orders, and the instant petition is not a successive petition.

### *Conclusion*

Respondent's motion to dismiss this petition as successive (Docket Entry No. 15) is DENIED. Any motion for summary judgment deemed appropriate by respondent must be filed by JUNE 4, 2012. Petitioner is ORDERED to file his response to any motion for summary judgment within thirty days thereafter.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on April 5, 2012.

_____
Gray H. Miller
United States District Judge