IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3514 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his state conviction. Respondent filed a motion for summary judgment (Docket Entry No. 44), to which petitioner filed a response (Docket Entry No. 56).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit.

*Procedural Background and Claims*

The jury found petitioner guilty of attempted theft in an amount between $100,000.00 and $200,000.00 in case number 1222385 in Harris County, Texas. The trial court sentenced him to forty-five years incarceration, as enhanced with two forgery convictions. Petitioner's *pro se* direct appeal was dismissed as untimely. *Wade v. State*, No. 01-10-00463-CR (Tex. App.– Houston [1st Dist.] 2010, no. pet.). Petitioner's first application for state habeas relief was dismissed because mandate had not yet issued in his direct appeal. Petitioner's second

state habeas challenge to the conviction, filed on June 27, 2011, was denied by the Texas Court of Criminal Appeals on September 7, 2011. *Ex parte Wade*, WR 65,555-07.

Petitioner's first federal habeas petition arising from state court events was filed on December 17, 2010. *Wade v. Thaler*, C.A. No. H-10-5100 (S.D. Tex. 2010). As his sole habeas issue, petitioner complained that the state courts had improperly dismissed his first state habeas application on incorrect procedural grounds. The Court noted that petitioner's sole habeas ground was unexhausted, but ultimately dismissed the case with prejudice on June 6, 2011, because petitioner's habeas ground failed to state a cognizable federal habeas claim.

Petitioner filed the instant federal habeas petition on September 23, 2011, raising the following federal habeas claims:

1. The indictment stated that Western World Insurance was the complainant, but the evidence at trial did not support this allegation.

2. The use of an enhancement conviction that was over ten years old denied him due process.

3. Trial counsel was ineffective in not raising the above objections.

(Docket Entry No. 1, pp. 7–8.)[1] On June 21, 2012, petitioner filed an amended petition to add the following nineteen additional habeas claims:

---

[1] Petitioner's additional claim challenging the state court's dismissal of his first state habeas application was denied in a separate order for failure to state a cognizable habeas claim. (Docket Entry No. 5.) The claim is also barred because it was raised and rejected in petitioner's first federal habeas petition. 28 U.S.C. § 2244(b)(1).

1. The State knowingly presented false testimony (two claims);

2. The State improperly attacked petitioner's character during argument;

3. The trial court erred in not curtailing the State's improper behavior;

4. The trial court was biased against petitioner;

5. Trial counsel was ineffective in failing to

    a. object to a delayed indictment;

    b. object to the State's arguments and false testimony;

    c. investigate the case to undermine the State's witnesses;

    d. object to the jury charge or call a crucial defense witness;

    e. move to dismiss the criminal charges;

    f. file a motion for new trial instead of withdrawing as counsel;

    g. file a certain motion;

    h. subpoena helpful witnesses and evidence;

    i. voir dire and impeach the State's primary witness; and

    j. move to dismiss the indictment;

6. The jury charge lacked a defense instruction;

7. The evidence was insufficient to support the conviction;

8. The State suppressed evidence of a relevant contract; and

9. The indictment was defective.

Respondent argues that these claims are barred by limitations, unexhausted, and/or procedurally barred from consideration by this Court.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. §2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing

habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Limitations*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner's conviction became final for purposes of the one-year limitation on October 25, 2010, when the time expired for filing a petition for discretionary review with the Texas Court of Criminal Appeals, and limitations expired one year later, on October 25, 2011. Petitioner's second state application for habeas relief was properly filed on June 27, 2011, and was denied by the Court of Criminal Appeals on September 7, 2011. This proceeding tolled limitations for seventy-three days, extending the expiration of limitations to November 7, 2011. Petitioner timely filed his initial habeas petition in this case on September 14, 2011. Respondent argues, however, that petitioner's amended habeas petition, which added the nineteen new habeas claims, was filed on April 26, 2012, after expiration of limitations. Respondent further argues that the new claims did not "relate back" to the original claims, as they were wholly different from the three original claims, and that no grounds for equitable tolling appear in the record.

7

The Supreme Court recognizes that, for a new habeas claim to relate back to the original pleading for purposes of meeting the AEDPA statute of limitations, the claim cannot assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Petitioner's original three habeas claims raised fatal variance between the indictment and proof, an improper enhancement conviction, and trial counsel's failure to object to these two errors. His nineteen additional grounds, added by amendment, raised claims involving prosecutorial misconduct and error, trial court bias and error, insufficiency of the evidence, new instances of ineffective assistance of trial counsel, improper jury charge, defective indictment, and a *Brady* violation. Plainly, the amended claims raise new grounds for relief supported by facts that differ in both time and type from those the original three claims, and do not relate back to the filing date of the original petition.

Respondent further argues that none of petitioner's nineteen time-barred claims concerns a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review, and that the record does not reflect any unconstitutional "State action" which impeded petitioner's timely filing for federal habeas relief. Respondent additionally argues that the instant claims are not of such a nature that

8

petitioner was unable to exercise reasonable diligence and discover the claims earlier or at least by the time the limitations period expired.

The record shows that petitioner's first three federal habeas claims were timely filed, but that his nineteen new claims were filed after expiration of limitations and are time barred. Accordingly, the nineteen amended claims are barred by limitations.

### *Procedural Bar*

Respondent argues that petitioner's three original claims are unexhausted, procedurally defaulted, and barred from consideration, and that petitioner's nineteen amended claims are procedurally barred in addition to being time barred.

Under 28 U.S.C. § 2254 (b)(1)(A), a state inmate's petition for federal habeas relief will not be granted unless the inmate has exhausted his state court remedies by presenting his claim the highest court of the state for review. *Jones v. Jones*, 163 F.3d 285, 297–99 (5th Cir. 1998). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest state court in Texas which has jurisdiction to review a petitioner's conviction. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). To proceed before that court, a petitioner must either file a petition for discretionary review, TEX. R. APP. P. 68.1, or an application for a post-conviction writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.07. To provide the State with the necessary opportunity to address a petitioner's claims, each claim must be fairly presented in the appropriate state court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

Where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered by the state court absent special and important reasons, raising the claim in such a fashion does not constitute fair presentation for purposes of exhaustion. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner's first state habeas application, in which he raised his nineteen amended claims, was dismissed because mandate had not yet issued on his direct appeal and the trial court lacked jurisdiction. *Ex parte Wade*, WR-65,555-01, at cover. Therefore the claims were not exhausted in the first state habeas proceeding. *Castille*, 489 U.S. at 351.

In his initial pleading in his second state habeas application, petitioner's sole claim challenged the Texas Court of Criminal Appeals' dismissal of his first state habeas application. WR-65,555-07 at 7. This was the only claim addressed by the State and trial court. *Id.*, at 17, 20–21. Petitioner subsequently raised the nineteen claims contained in his first state habeas application, but only in an untimely amended application that was not addressed by the state court. Consequently, petitioner did not "fairly present" the nineteen habeas claims to the Texas Court of Criminal Appeals, and the claims are unexhausted at this juncture. *See Castille*, 489 U.S. at 351; *see also Wheat v. Johnson*, 238 F.3d 357, 360–361 (5th Cir. 2001) (holding that there "is simply no authority to support the proposition that a petitioner has a constitutional right to have untimely submitted materials considered on their merits"). Under Article 11.07 § 4 of the Texas Code of Criminal Procedure, petitioner would be barred by application of the abuse of the writ rule if he now attempted to pursue these

10

habeas claims in state court. As a result, these claims are barred from consideration by this Court under the procedural default doctrine. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Under limited circumstances, a petitioner may overcome his procedural default and obtain federal habeas review of his claims if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, petitioner here asserts no facts or arguments establishing cause and actual prejudice to overcome his procedural default. If a petitioner is unable to show cause and prejudice, he can obtain habeas review only if he can show that applying the procedural bar would constitute a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) (recognizing a narrow exception to the cause and prejudice requirement when a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense). Petitioner here does not meet this burden of proof, in that he fails to establish that, more likely than not, in light of new evidence, "no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538.

To the extent petitioner is attempting to raise an unexhausted free-standing claim of actual innocence, he fails to assert a cognizable claim for federal habeas relief. *See Foster v. Quarterman*, 466 F.3d 359, 367–68 (5th Cir. 2006).

Respondent is entitled to summary judgment dismissal of petitioner's unexhausted and procedurally defaulted claims.

### *Evidentiary Hearing*

Petitioner's request for an evidentiary hearing pursuant to section 2254(d)(1) is DENIED. Petitioner's habeas claims are barred by limitations and/or are procedurally defaulted and barred from consideration, and an evidentiary hearing is unnecessary.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 44) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 7, 2013.

Gray H. Miller
United States District Judge